UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **CORNERSTONE CHEMICAL COMPANY** § § § | | CIVIL ACTION NO. _____ |
| **V.** § § | | JUDGE |
| **M.R.C. DENIZCILIK TURIZM VE PETROL ÜRÜNLERI TICARET LIMITED ŞIRKETI** § § § | | MAGISTRATE JUDGE |

**COMPLAINT TO COMPEL ARBITRATION AND ENFORCE ARBITRAL AWARD**

NOW COMES, plaintiff, Cornerstone Chemical Company ("Cornerstone"), through undersigned counsel, and files this Complaint against defendant, M.R.C. Denizcilik Turizm ve Petrol Ürünleri Ticaret Limited Şirketi ("MRC Denizcilik"), to compel arbitration and ultimately to enforce an arbitral award, and upon information and belief, avers as follows:

**Jurisdiction and Venue**

1.

As further alleged herein, Cornerstone files this civil action for the issuance of an order to compel arbitration, pursuant to 9 U.S.C. § 206, as well as a civil action to potentially enforce any arbitral award, pursuant to 9 U.S.C. § 207, over which this Court has original jurisdiction in accordance with the Convention on the Recognition and Enforcement of Foreign Arbitral Awards of June 10, 1958 (the "Arbitration Convention"), as enforced in United States courts pursuant to 9 U.S.C. § 201 *et seq*. (the "Convention Act"), more specifically, 9 U.S.C. § 203.

2.

Venue is proper in this District as the underlying facts giving rise to the disputes to be arbitrated involved MRC Denizcilik's vessel, the M/T ALEYNA MERCAN, while under charter to Cornerstone, occurred at or near Stolthaven's dock and related facilities, near Braithwaite,

Louisiana, within the physical jurisdiction of this Court, pursuant to 28 U.S.C. § 1391(b)(2).

## Parties

3.

At all material times, plaintiff, Cornerstone was and is a corporation, organized and existing pursuant to the laws of Delaware, with a place of business in Waggaman, Louisiana, registered to do and doing business in the State of Louisiana. Cornerstone is a citizen of the United States for purposes of 9 U.S.C. § 202.

4.

At all material times, defendant, MRC Denizcilik, was and is a private limited company organized and existing pursuant to the laws of the Republic of Turkey, with its principal offices in Istanbul, Turkey. MRC Denizcilik is not a citizen of the United States for purposes of 9 U.S.C. § 202.

## General Allegations

5.

On December 24, 2020, Cornerstone, identified as Charterer, and MRC Denizcilik, identified as Owner, entered into a charterparty to load Cornerstone's cargo of acrylonitrile at Stolthaven, to transport that cargo from Braithwaite, Louisiana to Tavola, Turkey, where it was to be unloaded and delivered to Cornerstone's consignee (hereafter "the Charterparty").

6.

The Charterparty contained the following mandatory arbitration provision, in part:

> Any and all differences and disputes of whatsoever nature arising out of this Charter shall be put to arbitration in the City of [Houston] pursuant to the laws relating to arbitration there in force, before a board of three persons, consisting of one arbitrator to be appointed by the Owner, one by Charterer, and one by the two so chosen.

7.

The Charterparty's arbitration provision therefore comprises an "agreement in writing" in accordance with Article II(2) of the Arbitration Convention.

8.

Moreover, the arbitration provision of the Charterparty comprises a "written provision in any maritime transaction or a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract" within the scope of 9 U.S.C. § 2, and therefore also an agreement falling under the Arbitration Convention as set forth in the Arbitration Act § 202. 9 U.S.C. § 202.

9.

By correspondence dated January 28 and 29, 2021, Turkish counsel GMC Denizcilik claimed that Cornerstone was liable for certain charges, expenses and damages assessed by Stolthaven against GMC Denizcilik during and after cargo loading operations involving the ALEYNA MERCAN at Stolthaven, and for which GMC Denizcilik threatened to arrest the cargo on board the vessel as security for GMC Denizcilik's claim.

10.

By correspondence dated January 29, 2021, undersigned counsel for Cornerstone replied to GMC Denizcilik's correspondence, denying all allegations set forth therein, appointing Cornerstone's arbitrator in accordance with the arbitration provisions of the Charterparty, and offering to post substitute security with this Court in the event that GMC Denizcilik prevailed in arbitration in Houston.

11.

By correspondence dated January 30, 2021, Turkish counsel for GMC Denizcilik

responded to Cornerstone's letter, denying all the allegations therein.

12.

In the event that GMC Denizcilik does not appoint an arbitrator within 20 days after January 29, 2021, Cornerstone will have the right to do so.

13.

In the event that GMC Denizcilik does not timely appoint an arbitrator, and Cornerstone does appoint the second arbitrator, GMC Denizcilik will be in breach of the arbitration provisions of the Charterparty for which Cornerstone will by motion request this Court issue an order compelling GMC Denizcilik to arbitrate the parties' dispute in Houston, Texas.

14.

Should this Court enter such an order compelling arbitration, then Cornerstone will request the Court to enter an order staying the continued prosecution of this suit unless and until the arbitral tribunal issues its decision and/or award.

## Security for Arbitral Awards

15.

By separate consent motion to be filed this date, Cornerstone offers to deposit cash into the Registry of the Court in an agreed amount to secure any arbitral award in favor of GMC Denizcilik.

16.

Cornerstone reserves its rights to request the Court to enter an order requiring GMC Denizcilik to post adequate and mutually acceptable security for any arbitral award in favor of Cornerstone.

## Enforcement of Arbitral Award

17.

Cornerstone reserves its rights at the conclusion of arbitration in Houston, Texas, to request this Court enter such orders as are appropriate to recognize and enforce any arbitral award in favor of Cornerstone.

## Designation under Fed. R. Civ. P. 9(h)

18.

Because this matter involves an arbitration provision in a charter party for a vessel, a maritime contract, this Court would also have jurisdiction pursuant to 28 U.S.C. § 1333, its admiralty and maritime jurisdiction. Accordingly, Cornerstone designates this claim as a maritime claim in accordance with Fed. R. Civ. P. 9(h).

**WHEREFORE**, plaintiff, Cornerstone Chemical Company, prays:

1. That this Complaint be deemed good and sufficient;

2. That process in due form of law, according to the rules and practices of this Honorable Court, issue against defendant, M.R.C. Denizcilik Turizm ve Petrol Ürünleri Ticaret Limited Şirketi requiring it to appear and to answer under oath, all and singular the matters aforesaid;

5. That after due proceedings are had, there be judgment entered recognizing and enforcing the arbitral decision and/or award from the Houston arbitral tribunal; and,

6. That this Court grant Cornerstone Chemical Company such other and further relief as may be just and proper.

           Respectfully submitted:


           */s/  James D. Bercaw*
           **ROBERT J. STEFANI, # 19248**
           **JAMES D. BERCAW, # 20492**
           **KING & JURGENS, L.L.C.**
           201 St. Charles Avenue, 45th Floor
           New Orleans, Louisiana 70170
           Telephone: (504) 582-3800
           Facsimile: (504) 582-1233
           E-Mail: jbercaw@kingjurgens.com
               rstefani@kingjurgens.com
          *Attorneys for Cornerstone Chemical Company*


**PLEASE ISSUE A SUMMONS AS DIRECTED:**

**M.R.C. Denizcilik Turizm ve Petrol Ürünleri Ticaret Limited Şirketi**
**through Turkish Central Authority for service of process**:

Directorate General for Foreign Relations and EU Affairs
Ministry of Justice
Adalet Bakanliği Ek Binasi
Namik Kemal Mah. Milli Müdafaa Caddesi No: 22
Kizilay Çankaya / ANKARA
Turkey

**Turkish Central Authority, please deliver the Complaint and Summons with two Turkish translations of each to:**

M.R.C. Denizcilik Turizm ve Petrol Ürünleri Ticaret Limited Şirketi
Kuzguncuk Mahallesi,
Kuzguncuk Carsi Cad. No: 39
34674 Uskudar / Istanbul
Turkey